JACOB L. CONDICT v. CICERO BROWN.

In a suit upon notes given for a part of the purchase money of a tract of land on which a mill was situated, evidence in defence, tending to show that the mill was the main inducement of the purchase, that the vendee misrepresented the quality of the macninery, that it was concealed from view and inspection, that the purchasers relied on the representations made and were deceived, and that by defects in said machinery time was lost and expenses incurred by which they were greatly damaged, should be admitted.

Where there is nothing in a deed of a peculiar character, requiring its production as the best evidence of the matters in issue, parol evidence of fraud in the sale may be given without producing it upon notice to do so.

Error from Titus. Tried below before the Hon. W. S. Todd.

Suit on notes. On the trial the plaintiff in error offered to read in evidence the deposition of D. G. Kiger, the material part of which was that he, the witness, was present when the

parties were about to draw up the writings for the sale of the steam mill and tract of land. Condict asked Brown something in regard to the machinery and to the pine timber, and Brown replied that the machinery was old, but that if they, Condict and Simpson, would do their part, the machinery would make the money. Understood that Condict had not, previously to the purchase, seen the mill or pinery, but Simpson had.

Other witnesses were offered to prove that the machinery was worn out, and that the boiler gave out entirely in a few days after it was delivered to the purchasers, and that the boilers were so covered up by brick and mortar as to prevent an examination. To all this testimony so offered plaintiff below objected, and his objection was sustained upon the ground stated in the bill of exceptions signed by the Judge, " that the plaintiff had notified defendants to produce the written contract of sale between them on the trial in the case, and that they refused to produce or give any reason for its non-production," to which the plaintiff in error excepted. There was a verdict and judgment for defendant in error.

*T. J. & J. H. Rogers*, and *Dillahunty & Wright*, for plaintiff in error.

*S. H. Morgan* and *W. H. Johnson*, for defendant in error.

ROBERTS, J. This is a suit to recover certain notes which were given in part payment of the purchase money of a tract of land, upon which was situated a steam mill. Plaintiff in error and his partner, Simpson, offered evidence tending to prove, in accordance with his plea, that the steam mill was the main inducement of the purchase, that Brown misrepresented the quality of the machinery, that the same was concealed from the view and inspection of the purchasers, that plaintiff and said Simpson relied on such representations and were deceived thereby, and that by the defect of said machinery and by the time wasted, and expenses incurred in supplying

its place, plaintiff and Simpson had been greatly damaged, &c.

That such facts, if established, would have constituted a good defence, *pro tanto*, cannot admit of a doubt. (Mitchell v. Zimmerman, 4 Tex. 79, and authorities therein cited.)

This evidence was excluded by the Court on the ground that Condict and Simpson, defendants below, were notified to produce the deeds to the land executed by Brown to them, which they refused to do. The object of Brown in giving this notice was to establish the identity of the land as set out in his petition, in order to obtain a decree of sale on his vendor's lien. This object was fully attained by the admission of defendants below, on the trial, as well as in their pleadings. The pleadings of the parties did not indicate any other necessity for the production of the deeds, nor did the evidence adduced or offered in the case show that there was anything in these deeds of a peculiar character requiring their production as the best evidence of the matter in issue. The matter in issue was the fraud of Brown in the sale, not committed in making a title, or in the stipulations of the deed, but in misrepresentations as to the quality of the thing sold, anything concerning which, was not pretended by either party to be stipulated in the deed. The issue presented was fraud outside of the deeds that had no necessary connection with them. Therefore it was error to require the deeds to be produced before parol evidence of the fraud in the sale could be given.

It is not perceived that that part of the plea, separately pleaded by Condict, disclosing collusion between his former partner, Simpson, and the plaintiff below, Brown, might not be important to protect his separate interest. But as there was no evidence introduced or offered by either side on the subject, and the plea may be wholly immaterial, it is deemed unnecessary to examine further into this branch of the case. Judgment reversed and cause remanded.

Reversed and remanded.